```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                        HOUSTON DIVISION
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NUMBER H-04-025-SS |
| | § | |
| KENNETH L. LAY | § | |

## MEMORANDUM OPINION AND ORDER

Defendant seeks acquittal on grounds that the government has failed to prove that the banks were FDIC insured on the relevant dates. Proof of federally insured status is not a mere formality; it is an essential element of the federal offense charged. See United States v. Rangel, 728 F.2d 675, 676 (5th Cir.), cert. denied, 104 S.Ct. 2689 (1984). The Fifth Circuit has also noted the lax treatment that some prosecutors have accorded this element. United States v. Maner, 611 F.2d 107, 112 (5th Cir. 1980). Relying on Maner, 611 F.2d at 112 & n.2, defendant argues that the government's proof of FDIC-insured status is insufficient because the government has not introduced "the certificate of insurance issued by the FDIC, the contract of insurance between the bank and the FDIC, and the cancelled check for the period of time covering the [alleged crimes]."[1] However, the same note in Maner makes clear that introduction of these three items of evidence is one way

---

[1] Motion for Judgment of Acquittal on Counts 38 through 41 because the Government Failed to Prove that the Banks were FDIC Insured, p 2.

-- but not the only way -- in which FDIC insured status can be sufficiently established by the government.  Note 2 in <u>Maner</u> also states that "[e]ffective use might also be made of certified copies of business or other official records."  <u>Id.</u>

   The Indictment alleges that Lay schemed to defraud and made false statements to three banks -- Bank of America, Chase Bank of Texas, and Compass Bank.  For each of these banks the government has submitted a "Certificate of Proof of Insured Status" executed by Carol L. Middlebrook, the Special Assistant to the Executive Secretary of the FDIC.  (See GX 1040, 1041, 1042, and 1043.)  Additional certifications by Robert E. Feldman, Executive Secretary of the FDIC, contain supplemental information for Chase Bank of Texas and Chase Manhattan Bank.  (See GX 1030, 1031.)  The certifications establish that each bank was admitted to FDIC membership and therefore federally insured on a date prior to the conduct alleged in the Indictment, that insurance applicable to the main office of each bank is applicable to any domestic U.S. branch, and that a diligent search revealed no record or entry in the official records of the FDIC that terminated the status of the bank as an insured depository institution of the FDIC from a date well before, through, and including a date after the events charged in the Indictment.  Each certification also states that the maker has official custody of the FDIC records, and attached to each is a log (certified as a public record) showing the name and ownership

-2-

changes of each bank over the years showing that each bank or its predecessor was admitted to membership in the FDIC. The government has also introduced additional certifications in the form of FDIC records of duplicate copies of the FDIC certificates of insurance issued to each of the banks.

All of the FDIC certificates are admissible pursuant to Federal Rules of Evidence 803(8) and 803(10). These certificates establish FDIC-insured status before, through, and after the dates alleged in the Indictment. Defendant's challenge to the sufficiency of the evidence on this element of the offense therefore lacks merit. See United States v. Pettigrew, 77 F.3d 1500, 1519 & n.21 (5th Cir. 1996) (noting absence of any evidence to contradict government's showing of federal insurance, which included FSLIC certificate); United States v. Trice, 823 F.2d 80, 87 (5th Cir. 1987) (same).

Defendant's motion for acquittal on grounds that the government has failed to prove that the banks were FDIC insured on the relevant dates is therefore **DENIED**.

**SIGNED** at Houston, Texas, on this the 22nd day of May, 2006.

SIM LAKE
UNITED STATES DISTRICT JUDGE