IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| | § | CRIMINAL ACTION NO. H-04-0025 |
| v. | § | |
| | § | |
| KENNETH L. LAY, | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM OPINION AND ORDER

On May 25, 2006, following a sixteen week jury trial and a separate one week bench trial, Kenneth L. Lay was found guilty of all ten counts charged against him in the Second Superseding Indictment: conspiracy to commit securities and wire fraud (count 1), wire fraud involving false and misleading statements in employee meetings (counts 12-13), securities fraud involving presentations to securities analysts and rating agency representatives (counts 27-29),[1] bank fraud (count 38), and making false statements to banks (counts 39-41).[2]  On July 5, 2006, Lay suffered a heart attack and died.  Pending before the court are the Motion of the Estate of Kenneth L. Lay to Vacate His Conviction and Dismiss the Indictment (Docket Entry No. 1082), and the motion of alleged crime victim Russell L. Butler for an order of restitution

---

[1]Jury Verdict, Docket Entry No. 1015.

[2]Memorandum of Decision and Verdict, Docket Entry No. 1019.

contained in Crime Victim's Motion Opposing Motion of the Estate of Lay to Vacate His Conviction and Dismiss the Indictment (Docket Entry No. 1091).  For the reasons explained below, the estate's motion to vacate and dismiss will be granted, and Butler's motion for an order of restitution will be denied.

## I. <u>Motion to Vacate and Dismiss</u>

Citing <u>United States v. Estate of Parsons</u>, 367 F.3d 409 (5th Cir. 2004)(en banc), the estate argues that Lay's conviction should be vacated and that the indictment as it relates to Lay should be dismissed because Lay's death deprived him of his right to pursue a planned appeal.  The estate asserts that Lay engaged counsel to file and prosecute an appeal, that on the morning of July 5, 2006, Lay was pronounced dead in Aspen, Colorado, and that by Order of the Probate Court No. 1 of Harris County, Texas, in Cause No. 365,466 entered on August 8, 2006, Letters Testamentary were issued to Linda P. Lay as Executrix of the Last Will and Testament of Kenneth L. Lay.[3]  In an unopposed motion filed on August 9, 2006, (Docket Entry No. 1079), the executrix sought leave to substitute the estate for Lay in this action so that the estate could file and prosecute the pending motion to vacate and dismiss.

_____

[3]See Certified copy of the Order Probating Will and Authorizing Letters Testamentary and an original Letters Testamentary in re: Estate of Kenneth Lee Lay, Deceased, attached to Unopposed Motion for Substitution of the Estate of Kenneth L. Lay for Defendant Kenneth L. Lay, Docket Entry No. 1079.

On August 10, 2006, the court granted the motion to substitute (Docket Entry No. 1081).  The estate argues that the doctrine of abatement <u>ab initio</u> applied in <u>Parsons</u>, 367 F.3d at 409, requires the court to grant the pending motion to vacate and dismiss.[4]


## II. <u>Opposition to Motion to Vacate and Dismiss</u>

### A.   United States' Opposition

Without disputing the estate's argument that <u>Parsons</u>, 367 F.3d at 409, requires abatement <u>ab initio</u> of this action against Lay, "[t]he United States opposes [the pending motion to vacate and dismiss] on grounds that the Lay Estate should not be unjustly enriched with the proceeds of fraud that would otherwise be subject to forfeiture and distribution to Lay's victims."[5] Asserting that "the verdicts established Lay's fraud as charged in the indictment beyond a reasonable doubt,"[6] and that the guilty verdicts returned against him provide a "basis for the likely disgorgement of fraud proceeds totaling tens of millions of dollars,"[7] the United States "requests that the Court defer ruling

---

[4]Motion of the Estate of Kenneth L. Lay to Vacate His Conviction and Dismiss the Indictment, Docket Entry No. 1082, p. 3.

[5]United States' Opposition to the Motion of the Estate of Lay to Vacate His Conviction and Dismiss the Indictment, Docket Entry No. 1089, p. 2.

[6]<u>Id.</u> at p. 1.

[7]<u>Id.</u>

on the motion filed by the Lay Estate until the previously scheduled date of sentencing, October 23, 2006."[8]   The United States explains that by deferring its ruling the court will allow Congress "a reasonable opportunity to address the issue of abatement through a legislative proposal that has recently been presented."[9]

## B.   Crime Victim's Opposition

Russell P. Butler, an individual who asserts that he is a victim of the crimes for which Lay was found guilty, moves the "Court to order restitution based on the conviction of Defendant Lay . . . pursuant to 18 U.S.C. § 3771(6) and (8) as well as Mandatory Victims Restitution Act of 1996, PL 104-132, 1996 S. 735."[10]   Butler argues that the estate's motion to vacate and dismiss should be denied because "such an order would violate the Crime Victim's due process right to statutorily authorized restitution."[11]   Asserting that the CVRA "codifies several statutory rights implicated by the Lay Estate's motion including the right to fairness; the right to notice; the right to be present; the right

---

[8]<u>Id.</u> at p. 2.

[9]<u>Id.</u>

[10]Crime Victim's Motion Opposing Motion of the Estate of Lay to Vacate His Conviction and Dismiss the Indictment, Docket Entry No. 1091, p. 1.

[11]<u>Id.</u>

4

to be heard as well as the right to full and timely restitution,"[12]
Butler argues that

> enactment of the CVRA transforms the Lay Estate's
> seemingly routine abatement motion into a case of first
> impression [because] . . . if granted, [it] will leave
> Mr. Butler—and thousands of additional crime victims —
> . . . stripped of their statutory right to restitution
> for the crimes committed by Kenneth L. Lay.[13]

Citing the dissent in Parsons, 367 F.3d at 421-422, Butler argues

that these statutes "mandate restitution for designated crimes,"[14]

and create "a *property interest* that is improperly erased if

restitution is abated."[15]


### III. Analysis

**A.   Controlling Authority**

In Durham v. United States, 91 S. Ct. 858, 860 (1971) (per

curiam), the Supreme Court adopted the so-called "abatement rule,"

holding that "death pending direct review of a criminal conviction

abates not only the appeal but also all proceedings had in the

prosecution from its inception."  See also Parsons, 367 F.3d 409;

United States v. Pauline, 625 F.2d 684, 685 (5th Cir. 1980).  Five

years later in Dove v. United States, 96 S. Ct. 579 (1976) (per

---

[12]Id. at p. 3.

[13]Id. at p. 4.

[14]Id. at p. 7.

[15]Id.

curiam), the Supreme Court overruled <u>Durham</u> in an opinion that the

Fifth Circuit has described as "42 cryptic, enigmatic words."

<u>Pauline</u>, 625 F.2d at 685.  The <u>Dove</u> decision simply states that

> [t]he Court is advised that the petitioner died at New
> Bern, N.C., on November 4, 1975.  The petition for
> certiorari is therefore dismissed.  To the extent that
> <u>Durham v. United States</u>, 401 U.S. 481, 91 S. Ct. 858,
> 28 L. Ed.2d 200 (1971), may be inconsistent with this
> ruling, <u>Durham</u> is overruled.

96 S. Ct. at 579.  Reasoning that "[t]here are substantial

differences between appeals of right and petitions for certiorari,"

the Fifth Circuit joined other courts of appeals in concluding that

<u>Dove</u> applies only to petitions for certiorari, not to appeals of

right.  <u>Pauline</u>, 625 F.2d at 685.  <u>See also</u> <u>United States v. Asset</u>,

990 F.2d 208, 210 (5th Cir. 1993), <u>abrogated on other grounds by</u>

<u>Parsons</u>, 367 F.3d at 409 ("It is well established in this circuit

that the death of a criminal defendant pending an appeal of his or

her case abates, <u>ab initio</u>, the entire criminal proceeding.");

<u>United States v. Schuster</u>, 778 F.2d 1132, 1133 (5th Cir. 1985)

("Under the firmly established rule in this circuit, the death of

a defendant pending conclusion of the direct criminal appeal

abates, <u>ab initio</u>, not only the appeal, but the entire criminal

proceeding.").

Nevertheless, prior to issuing its <u>en banc</u> opinion in

<u>Parsons</u>, 367 F.3d at 409, the Fifth Circuit did not apply the

doctrine of abatement <u>ab initio</u> to orders for restitution or

forfeiture without first looking to the purpose for which such an

order had been issued.  See Parsons, 367 F.3d at 413.  Orders
intended to punish the defendant were considered penal and abated
with the rest of the conviction while orders intended to make a
defendant's victims whole were considered compensatory and survived
the defendant's death.  Id. (citing United States v. Mmahat,
106 F.3d 89, 93 (5th Cir.), cert. denied, 118 S. Ct. 200 (1997).
In Parsons the Fifth Circuit examined the principles behind that
doctrine of abatement ab initio and concluded that

> [t]wo primary approaches support abatement ab initio.
> The finality principle reasons that the state should
> not label one as guilty until he has exhausted his
> opportunity to appeal.  The punishment principle
> asserts that the state should not punish a dead person
> or his estate. Although the finality principle best
> explains why criminal proceedings abate at death,
> finality does not justify the distinction between
> compensatory and penal restitution orders.

Id.

> The Fifth Circuit explained that
>
> [u]nder the finality rationale, we have described the
> entitlement to one appeal as follows:
>
> [W]hen an appeal has been taken from a criminal
> conviction to the court of appeals and death has
> deprived the accused of his right to our decision, the
> interests of justice ordinarily require that he not
> stand convicted without resolution of the merits of his
> appeal, which is an "integral part of [our] system for
> finally adjudicating [his] guilt or innocence."
>
> United States v. Pauline, 625 F.2d 684, 685 (5th
> Cir.1980) (emphasis added, brackets in original)
> (quoting Griffin v. Illinois, 351 U.S. 12, 18,
> 76 S. Ct. 585, 100 L. Ed. 891 (1956)).

7

_Id._ at 413-414 & n.8 (citing Rosanna Cavallaro, "Better Off Dead: Abatement, Innocence, and the Evolving Right of Appeal," 73 _U. Colo. L. Rev._ 943, 954 (2002) ("The abatement remedy relies significantly on a larger premise: a conviction that cannot be tested by appellate review is both unreliable and illegitimate; the constitutionally guaranteed trial right must include some form of appellate review."). The Fifth Circuit also explained that

> [t]he second rationale focuses on the precept that the criminal justice system exists primarily to punish and cannot effectively punish one who has died. "[T]he purposes of criminal proceedings are primarily penal—the indictment, conviction and sentence are charges against and punishment of the defendant—such that the death of the defendant eliminates that purpose."

_Id._ at 414 & n.10 (quoting _Asset_, 990 F.2d at 211). _See also_ _Mmahat_, 106 F.3d at 93 (stating "the abatement principle is premised on the fact that criminal proceedings are penal."). The Fifth Circuit concluded that "regardless of its purpose, the order of restitution cannot stand in the wake of Parsons's death. Because he now is deemed never to have been convicted or even charged, the order of restitution abates _ab initio_." _Id._ at 415. In reaching this decision the Fifth Circuit acknowledged that the government could argue "that this approach harms the interests of those allegedly injured," _id._, but concluded that "such an argument cannot outweigh the finality rationale." _Id._ The court explained that

> [a]ny references to the wrongful nature of the
> defendant and his actions are conditioned on an
> appellate court's upholding the conviction, assuming
> the defendant pursues an appeal. . . . The abatement
> doctrine provides that one should not be permanently
> labeled as finally "convicted" while his first appeal
> is pending.  That is to say, in abatement the criminal
> court essentially abdicates its power over the former
> defendant.

Id. at 415-416.

The Fifth Circuit also explained that a different conclusion would run contrary to the text of both the Victim and Witness Protection Act (VWPA), 18 U.S.C. § 3663(a)(1)(A), id. at 416, and the Mandatory Victim Restitution Act (MVRA), 18 U.S.C. § 3663A(a)(1).  Id. at 417 & n.20.

> The VWPA allows a court to enter a restitution order
> when "sentencing a defendant *convicted* of an offense."
> 18 U.S.C. § 3663(a)(1)(A) (emphasis added).  If death
> terminates the criminal case *ab initio,* the defendant
> no longer stands convicted.  One might respond to this
> natural reading by arguing that "convicted of an
> offense" has force only on the day on which the
> restitution order is entered.  Because the defendant
> stands convicted on the day the court enters the order,
> retaining the order after the defendant's death would
> not conflict with the VWPA.
>
> Additional text of the VWPA, however, suggests that
> "convicted" should not have force merely at the time of
> the restitution order.  Section 3663(d) references
> 18 U.S.C. § 3664 as the enforcement mechanism for
> reimbursement orders.  Section 3664(*l*) describes the
> effect of a conviction on future civil actions:  "A
> conviction of a defendant for an offense involving the
> act giving rise to an order of restitution shall estop
> the defendant from denying the essential allegations of
> that offense in any subsequent Federal civil proceeding
> or State civil proceeding."
>
> A standard canon of construction "provides that
> a word used in different parts of the statute should be

> construed to have the identical meaning throughout the entire statute." If the narrower construction of "convicted" is applied to § 3664(*l* ), an estate would be estopped from denying important factual matters in a subsequent civil suit, *even if the underlying conviction had been abated*. Just as a trial conviction, after abatement, should not estop an estate from mounting a defense in civil court, one whose conviction is abated no longer stands "convicted" for purposes of the VWPA.

Id. at 416-417 & n.19. In response to the dissenting judges' discussion of the Mandatory Victim Restitution Act (MVRA), the Fifth Circuit majority observed that "[e]ven if we consider the MVRA, however, it references the same enforcement provision— 18 U.S.C. § 3664—as does the VWPA. Consequently, using the MVRA as a means of keeping the compensatory-penal dichotomy fails, for the reasons we have discussed." Id. at 417 & n.20.

**B.   Application of the Law to the Facts**

Lay died before sentencing, before a final judgment could be entered, and before a notice of appeal could be filed. Therefore, unlike the defendants in Parsons, 367 F.3d at 409, and Pauline, 625 F.2d at 684, Lay did not die pending appeal. Nevertheless, the Fifth Circuit has plainly stated that "the rule of abatement applies equally to cases in which a defendant, such as [Lay], dies prior to the entry of judgment." Asset, 990 F.2d at 211 (citing United States v. Oberlin, 718 F.2d 894, 896 (9th Cir. 1983)).

1.   <u>United States' Opposition</u>

The United States' opposition is grounded on the principle that the Lay estate should not be unjustly enriched with the proceeds of fraud that would otherwise be subject to forfeiture and distribution to victims of the crimes for which Lay was found guilty.   However, in <u>Parsons</u> the Fifth Circuit considered and rejected this concern by explaining that abatement of the criminal proceeding

> does not necessarily mean that an individual who suffered a loss cannot obtain reimbursement in *civil* court.   If he can meet the civil court's lower burden of proof, he may receive a judgment from that court. The criminal court that entered the prior reimbursement order, however, should not retain any power over that prior defendant.

> One may argue that allowing the estate to substitute for the dead defendant ensures the fair representation of the decedent's interests, but such a substitution does not align logically with the abatement of all prior criminal proceedings.   Essentially, the substitution doctrine forces the estate to argue about a conviction that no longer exists and requires a court to adjudicate the merits of a proceeding that no longer took place.   Although it is not without a cost, requiring victims to argue their case in civil court protects the interests of defendants whose direct appeals are not yet final.

367 F.3d at 416 n.17.   Although the United States argues that applicable law might change at some unknown future date, the court is bound to follow Fifth Circuit precedent.

2.    Butler's Opposition

Butler's opposition is grounded on the principle that the VWPA, 18 U.S.C. § 3663,  and the MVRA, 18 U.S.C. § 3663A, require the court to order restitution.  However, in Parsons the Fifth Circuit considered and rejected a similar argument by explaining that these statutes allow a court to enter a restitution order when "sentencing a defendant *convicted* of an offense," 367 F.3d at 416, but that "[i]f death terminates the criminal case ab initio, the defendant no longer stands convicted." Id.   Moreover, the facts of this case provide an additional reason for rejecting Butler's argument.  Both statutes allow a district court to enter an order of restitution only "when sentencing a defendant . . ." 18 U.S.C. § 3663(a)(1) and 18 U.S.C. § 3663A(a)(1).  Since Lay died before sentencing, and since neither statute allows the court to enter an order of restitution against Lay's estate, the court concludes that Butler has failed to cite any legal authority that would allow entry of the order of restitution that he seeks.  Accordingly, the court concludes that Butler's motion seeking an order of restitution must be denied.

## IV.  Conclusion and Order

Since the Fifth Circuit Court of Appeals has adopted the abatement rule, and since neither the United States nor Butler has raised any legal basis for denying the rule's application in this

case, the court concludes that Lay's conviction must be vacated and that this action against him must be dismissed.  Accordingly, the Motion of the Estate of Kenneth L. Lay to Vacate His Conviction and Dismiss the Indictment (Docket Entry No. 1082) is **GRANTED**, and the motion of alleged crime victim Russell L. Butler for an order of restitution contained in the instrument titled Crime Victim's Motion Opposing Motion of the Estate of Lay to Vacate His Conviction and Dismiss the Indictment (Docket Entry No. 1091) is **DENIED**. The indictment against Kenneth L. Lay is **DISMISSED**.

SIGNED at Houston, Texas, this 17th day of October, 2006.

_____
                    SIM LAKE
           UNITED STATES DISTRICT JUDGE