IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

NOV 0 8 2018

David J. Bradley, Clerk of Court

IN RE THE APPLICATION OF
MARGOT CLEVELAND FOR PUBLIC
ACCESS
TO CERTAIN SEALED AND REDACTED
COURT
RECORDS

Misc. Action No. -mc-

Related to Criminal No.

4:04-cr-00025   (CLOSED)

**MEMORANDUM IN SUPPORT OF THE APPLICATION OF MARGOT
CLEVELAND FOR PUBLIC ACCESS TO CERTAIN
<u>SEALED AND REDACTED COURT RECORDS</u>**

COMES NOW, **MARGOT CLEVELAND**, and respectfully requests the Court to unseal

and unredact certain records in the Jeffrey K. Skilling prosecution (hereinafter, the "Skilling

Matter"), and in support thereof would respectfully show unto the Court as follows:

## I. INTRODUCTION

1.       Margot Cleveland is a resident of the State of Michigan and a freelance journalist covering,

among other topics, Special Counsel Robert Mueller's investigation into alleged claims of

collusion between then-candidate Donald J. Trump's presidential campaign and Russia. Cleveland

is a Senior Contributor to The Federalist and a contributor to National Review Online,

TownHall.com, and the Washington Examiner's Beltway Confidential Blog. Her writings have

also been-published in the print editions of USA Today and the Wall Street Journal.

2.       Ms. Cleveland, as a member of the public and the press, has a strong interest in

investigating the investigators, to determine whether the legal process is fair and just to all parties

involved, no matter if they are witnesses, victims, or defendants. In addition, the public and the press have a particularly strong interest in access to court records related to potential misconduct by federal prosecutors.

3.      This interest is heightened given that the sealed and redacted documents could implicate Andrew Weissmann, a prosecutor serving as a member of the Special Counsel team who has been called "Mueller's Legal Pit Bull," in prosecutorial misconduct.

4.      Specifically, in the underlying Skilling case, as the Fifth Circuit Court of Appeals stated, "Skilling contends that Andrew Weissmann, a top prosecutor, emailed one of [the potential witnesses'] attorneys, informing him that another of [that witness'] attorneys, Dan Cogdell ("Cogdell"), an experience defense attorney, was communicating with Skilling's attorneys. Weissman suggested that if Cogdell was acting against Rice's interest, Rice should 'get[] rid of him.'" *United States v. Skilling*, 554 F. 3d 529, 572 (5Cir. 2009).

5.      For these reasons, and as further explained below, Cleveland respectfully moves this Court for an Order unsealing certain court records related to the United States government's completed criminal investigation and prosecution of Jeffrey K. Skilling ("Skilling") (hereinafter, the "Skilling Matter"). Cleveland seeks to unseal and unredact the docket entries and the corresponding material filed with the court, including all exhibits, identified below by docket entry (hereinafter "Requested Docket Material"):

> (a) Docket Entry No. 440:  Joint Motion to Dismiss, including all declarations and exhibits;
>
> (b) Docket Entry No. 456:  Redacted Joint Motion to Dismiss and Memorandum in Support;
>
> (c) Docket Entry No. 457:  Redacted Declaration;

(d) Docket Entry No. 458: Sealed Document;

(e) Docket Entry No. 491: Government's Opposition, including all declarations and exhibits;

(f) Docket Entry No. 493: Redacted Opposition by U.S.;

(g) Docket Entry No. 504: Defendants Reply Memorandum, including additional exhibits and supplemental declarations; and

(h) Docket Entry No. 561: Transcript of evidentiary hearing held on 12/5/05.

## II. ARGUMENT AND AUTHORITIES

**A.    The Common Law Requires Public Access to the Requested Documents**

6.    Openness of judicial proceedings "has long been recognized as an indispensable attribute" of the American justice system. *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 569 (1980). "Federal courts employ two related but distinct presumptions in favor of public access to court proceedings and records: a strong form rooted in the First Amendment and a slightly weaker form based in federal common law." *Newsday LLC v. Cnty. of Nassau*, 730 F.3d 156, 163 (2d Cir. 2013). "The notion that the public should have access to the proceedings and documents of courts is integral to our system of government." United States v. Erie Cty., 763 F.3d 235, 238–39 (2d Cir. 2014).

7.    There is a "strong presumption that all trial proceedings should be subject to scrutiny by the public." *United States v. Ladd*, 218 F.3d 701, 704 (7th Cir. 2000). Access to judicial proceedings and documents "permits the public to participate in and serve as a check upon the judicial process—an essential component in our structure of self-government." *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 606 (1982).

    **i.**    **The Common Law**

8.    The Fifth Circuit has recognized that the common law establishes a presumption of public access to judicial records. *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993). "Although the common law right of access to judicial records is not absolute, 'the district court's discretion to seal the record of judicial proceedings is to be exercised charily.'" *Van Waeyenberghe*, 990 F.2d at 848. While the Fifth Circuit does not assign a particular weight to the common law right, the presumption in favor of public access to judicial records is one of the interests that is to be weighed. *Belo Broadcasting Corp. v. Clark*, 654 F.2d 423, 434 (5th Cir. 1981).

    **ii.**    **The Common Law Guarantees Access to the Requested Documents**

9.    The unsealing of the requested documents, and the public's access to those unredacted documents, is a common law right. There are no countervailing interests that outweigh this right of access. Because the government's investigation and prosecution of the Skilling matter has concluded, providing the public the opportunity to review fully the Sealed Docket Matter will not impair an ongoing judicial proceeding or prejudice the parties. Further, there are no investigative techniques to be revealed or government secrets that need to be concealed.

10.    Cleveland wishes to research the basis of the defendants' allegations of prosecutorial misconduct and the government's responses to those allegations. The unsealing of the redacted parts of the documents, and the publication of the documents as a whole, will enhance the public's understanding of the judicial process and the appearance of fairness that is essential to confidence in the criminal justice system. *See Littlejohn v. BIC Corp.*, 851 F.2d 673, 682 (3d Cir. 1988). The allegations made by defendants in their joint motion to dismiss were serious and troubling, and yet the public still does not know the following:

(1) Which member of the Enron Task Force were copied on the e-mail to a "critical cooperating witness." *See Docket Entry 456* at 2, 4-5.

(2) What the prosecutor told this witness. *Id.*

(3) Whether the instructions to the witness constituted, as alleged by defendants, examples of "improper instructions and threats." *Id.* at 9-10.

(4) The full e-mail the prosecutor sent to the witness. *Id.* at 10.

(5) The arguments and evidence cited throughout defendants' motion to dismiss. *See, e.g., id.* at 11, 14.

(6) Exactly how a member of the Task Force "severely reprimanded" a witness. *See id.* at 17.

(7) The basis for Michael E. Tigar's opinions. *See Docket Entry 457* at 6(d).

(8) The content of docket entry 458.

(9) The United States' full response to the accusations of prosecutorial misconduct. *See Docket Entry* 493. For example, multiple footnotes and paragraphs are fully redacted; the identities of those accused of misconducted in footnote five is fully redacted; the redactions make the document almost unreadable and hides from public view the reasons some witnesses refused to cooperate with the defendants. *Docket Entry 493* at 24.

11.    The redaction of evidence and arguments from defendants' motion and supporting declaration prevents the public from reaching informed conclusions concerning the acts of federal prosecutors and whether those acts amounted to witness tampering, coercion, or other forms of prosecutorial misconduct. There is no appearance of fairness because there are not enough facts to

deduce fairness; there can be no truly informed discussion of the merits of defendants' motion because the evidence is redacted.

**B.      The First Amendment Guarantees the Right to Access the Documents**

12.      Even where the common law right of access to judicial documents is found to be wanting, the First Amendment may still require disclosure of judicial documents. The 5th Circuit has affirmed that there is a constitutionally-embedded presumption of openness in judicial proceedings. *Doe v. Jackson National Life Insurance Co.*, 944 F. Supp. 488 (S.D. Miss. 1995), *aff'd sub nom. Deramus v. Jackson National Life Insurance Co.*, 92 F.3d 274 (5th Cir. 1996). Therefore, reporters are entitled to observe, investigate, and report on all public proceedings involved in a trial. *U.S. v. Chagra*, 701 F.2d 354, 361 (5th Cir. 1983); *see also U.S. v. Edwards*, 785 F.2d 1293, 1294 (5th Cir. 1997). The judiciary, like the legislative and executive branches, is an agency of democratic government, and the public has no less right under the First Amendment to receive information about judicial proceedings than it has to know how other governmental agencies work and to receive other ideas and information. *In re The Express-News Corp.*, 695 F.2d 807, 809 (5th Cir. 1982).

13.      The First Amendment guarantees the public and the media's right to access criminal proceedings unless it is demonstrated that the curtailment of that right is necessary "to protect defendant's superior right to a fair trial or that some other overriding consideration requires closure." *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 564 (1980). It only follows that a reporter also holds a right to observe, investigate, and report on the trial documents filed in support of those proceedings.

### III. CONCLUSION & PRAYER

In conclusion, and for these reasons, Cleveland respectfully requests the Court order the

Requested Docket Material be unsealed and unredacted.

Respectfully submitted,

The Fulton Law Group PLLC

Kevin Fulton
Southern District I.D. 1127417
Texas State Bar No. 24059787
7676 Hillmont St. Suite 191
Houston, Texas 77040
(713) 589-6964 - telephone
(832) 201-8847 – facsimile
Attorney for Margot Cleveland

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing **APPLICATION FOR ACCESS TO CERTAIN SEALED RECORDS** and supporting **MEMORANDUM OF POINTS AND AUTHORITIES** was filed with the Clerk of Court using the CM/ECF system, which will automatically serve a Notice of Electronic Filing on counsel for the following:

**Plaintiff**
**USA**                                        represented by **Financial Litigation**
                                                        U S Attorney's Office
                                                        Southern District of Texas

1000 Louisiana St
Ste 2300
Houston, TX 77002
713-567-9000
Fax: 713-718-3391 fax
Email: flu.usatxs-@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Material Witness**
**Ken Rice**                           represented by **Dan Lamar Cogdell**
Cogdell Law Firm, PLLC
402 Main Street
4th FL
Houston, TX 77002
713-426-2244
Fax: 713-426-2255
Email: dan@cogdell-law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William D Dolan , III**
Venable Baetjer et al
8010 Towers Crescent Dr
Ste 300
Vienna, VA 22181
703-760-1684
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Richard A Causey**                   represented by **Barry S Berger**
*$1,000,000 PR Appearance Bond*        Attorney at Law
*w/ a $500,000 cash deposit by*        2417 San Felipe
*deft Causey, bro-in-law as surety*    Houston, TX 77019
*signature*                            713-524-3164
*TERMINATED: 11/16/2006*               Fax: 713-630-00789

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Mark J Hulkower**
Steptoe Johnson LLP
1330 Connecticut Ave NW
Washington, DC 20036
202-429-6221
Fax: 202-429-3902
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Reid H Weingarten**
Steptoe Johnson LLP
1330 Connecticut Ave NW
Washington, DC 20036
202-429-6238
Fax: 202-429-3902
Email: rweingarten@steptoe.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Matthew L Stennes**
Steptoe and Johnson LLP
1330 Connecticut Ave NW
Washington, DC 20036
202-429-8074
Email: mstennes@steptoe.com
*ATTORNEY TO BE NOTICED*

**Jeffrey K Skilling**
*$5,000,000 appearance secured
bond executed on 2/19/04, deft
deposited cashier's check
TERMINATED: 10/25/2006*

represented by **Bruce Hiler**
O Melveny Myers LLP
1625 Eye St NW
Washington, DC 20006-4001
202-383-5300
Fax: 202-383-5414
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Daniel M Petrocelli**
OMelveny Myers LLP
1999 Avenue of the Stars
Suite 700
Los Angeles, CA 90067
310-553-6700
Email: dpetrocelli@omm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Frank Bowman**
Univ of Missouri Columbia School
of Law
Hulston Hall
Columbia, MO 65211
573-882-2749
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Jeffrey W Kilduff**
O Melveny and Myers LLP
1625 Eye St NW
Washington, DC 20006-4001
202-383-5300
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**M Randall Oppenheimer**
O Melveny and Myers LLP
1999 Avenue of the Stars
Ste 700
Los Angeles, CA 90067-6035
310-553-6700
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Mark C Holscher**
Kirkland & Ellis LLP
333 S. Hope Street
Los Angeles, CA 90071
213-680-8190
Email: mholscher@kirkland.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Robert M Stern**
O Melveny Myers LLP
1625 Eye Street NW
Washington, DC 20006
202-383-5328
Fax: 202-383-5414 fax
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Ronald Gene Woods**
Attorney at Law
5300 Memorial Drive
Ste 1000
Houston, TX 77007
713-862-9600
Fax: 713-864-8738
Email: ronwoodslaw@aol.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Kenneth L Lay**                          represented by **Chip Brandon Lewis**
*$5,000,000 bond*                          Attorney at Law
*TERMINATED: 10/17/2006*                   1207 S Shepherd Dr
                                           Houston, TX 77019
                                           713-523-7878
                                           Email: chip@chiplewislaw.com
                                           *LEAD ATTORNEY*
                                           *ATTORNEY TO BE NOTICED*
                                           *Designation: Retained*

                                           **Michael Wayne Ramsey**
                                           Attorney at Law
                                           PO Box 1149
                                           Channelview, TX 77530
                                           713-523-7878

Fax: 713-523-7887
Email: mwr7878@mac.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Samuel J Buffone**
BuckleySandler LLP
1250 24th Street NW, Suite 700
Washington, DC 20037
202-349-7940
Fax: 202-349-8000
Email:
sbuffone@buckleysandler.com
*ATTORNEY TO BE NOTICED*